T.C. Memo. 2008-257

UNITED STATES TAX COURT

DAVID CAVAZOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28664-07L.                    Filed November 17, 2008.

P filed a Federal income tax return reporting tax
due for the year 2002, but did not fully pay the
liability.  In 2005 P submitted to R an Offer-in-
Compromise (OIC) as to his 2002 liability, which R
rejected because P had not complied with all return-
filing requirements.  R issued a notice of intent to
levy, and P requested a hearing under I.R.C. sec. 6330.
During the hearing P conceded that he was not current
with all his filing requirements.  P also failed to
propose any collection alternatives, other than his
previously rejected OIC, or to provide R with requested
financial information.  R's appeals officer issued to P
a final notice of determination, in which she
determined that a levy was appropriate.  P appealed
that determination to this Court.  R moved for summary
judgment, and P opposed R's motion.

<u>Held</u>:  R's motion for summary judgment will be
granted.  R's appeals officer did not abuse her
discretion in sustaining the levy when (1) P failed to
submit requested financial information, (2) P proposed

no other collection alternatives, and (3) P was noncompliant with return-filing obligations.


Frederick J. O'Laughlin, for petitioner.

G. Chad Barton, for respondent.


MEMORANDUM OPINION

GUSTAFSON, Judge:  This case is an appeal by petitioner David Cavazos, pursuant to section 6330(d)(1),[1] from the determination by an appeals officer of the Internal Revenue Service (IRS) to uphold the IRS's proposed use of a levy to collect Mr. Cavazos's unpaid Federal income tax liability for 2002.  The case is before us on a motion for summary judgment filed by the respondent under Rule 121.

Background

There is no dispute as to the following facts:

For the year 2002, Mr. Cavazos filed a Form 1040, U.S. Individual Income Tax Return, on which he reported that he was liable for $12,577 in tax; but he did not fully pay that self-reported liability.[2]  On October 28, 2005, Mr. Cavazos submitted

_____

[1] Except as otherwise noted, all section references are to the Internal Revenue Code (26 U.S.C.), and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Mr. Cavazos did remit $2,000 with his return.  However, Mr. Cavazos's failure to pay the tax liability in full resulted
(continued...)

to the IRS an Offer-in-Compromise (OIC) proposing to compromise his income tax liability for 2002.  However, the IRS rejected that offer no later than January 23, 2007,[3] because of Mr. Cavazos's noncompliance with return-filing requirements.

On February 14, 2007, the IRS sent to Mr. Cavazos, pursuant to section 6330(a), a Notice of Intent to Levy and Notice of Your Right to a Hearing regarding unpaid taxes for 2002.  Pursuant to section 6330(b)(1), Mr. Cavazos timely requested a hearing by sending to the IRS, on March 10, 2007, a Form 12153, Request for a Collection Due Process [CDP] or Equivalent Hearing.  In his request for a hearing, Mr. Cavazos stated that a levy would cause him extreme hardship and that he had already submitted an OIC regarding the 2002 liability.

On June 13, 2007, an IRS Appeals resolution specialist sent Mr. Cavazos a letter enclosing a blank Form 433-A, Collection Information Statement for Wage Earners and Self-Employed

---

[2](...continued)
in penalties and interest being added to his account.  At the time the IRS issued the Notice of Intent to Levy and Notice of Your Right to a Hearing, Mr. Cavazos's outstanding liability for 2002 was $16,537.32.

[3]There is no dispute that the IRS rejected the October 2005 OIC, but the record bears some discrepancy about the date of that rejection.  A transcript shows rejection on January 23, 2006; notes from the case activity log of the hearing officer show that the OIC was "returned 01/23/07"; and the attachment to the notice of determination states that the OIC was "returned 11/20/2006". (Emphasis added.)  However, the discrepancy is immaterial for present purposes, since the relevant fact is that the OIC was no longer pending at the time of the CDP hearing.

Individuals, and requesting that the Form 433-A and all supporting documents be submitted to the IRS by June 28, 2007, to describe Mr. Cavazos's financial situation.[4] Mr. Cavazos did not complete and submit the Form 433-A by that deadline. On June 28, 2007, an IRS settlement officer sent Mr. Cavazos a letter acknowledging the receipt of Mr. Cavazos's request for a CDP hearing and advising Mr. Cavazos that--

> For me [the settlement officer] to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns required to be filed.[5]

The required items that were then listed in the June 28 letter included a "completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses)".

---

[4]The request was consistent with agency procedure: In a section 6330 hearing, "Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing." Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Furthermore, an appeals officer may not consider a collection alternative unless the taxpayer has provided adequate financial information, such as a current Form 433-A. See Rev. Proc. 2003-71, sec. 4.03, 2003-2 C.B. 517, 518; see also Internal Revenue Manual (IRM), pt. 5.14.1.5 (July 12, 2005).

[5]See sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. ("the IRS does not consider offers in compromise from taxpayers who have not filed required returns or have not made certain required deposits of tax"); see also IRM, pts. 5.8.3.4.1, 5.19.1.6.2(3) (Sept. 1, 2005). Likewise, a taxpayer must be in compliance with all filing and paying requirements before an installment agreement can be considered. See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); IRM, pts. 5.14.1.2(9)(e), 5.14.1.5.1, 5.14.1.3(4)(d) (July 12, 2005).

On July 12, 2007, Mr. Cavazos requested that his collection review (initially assigned to the Memphis Campus Appeals Office) be transferred to a local Appeals Office for a face-to-face CDP hearing, so the IRS transferred the case to the Oklahoma City Appeals Office.  On August 23, 2007, the IRS settlement officer sent Mr. Cavazos a letter acknowledging the receipt by the Oklahoma City Appeals Office of Mr. Cavazos's request for a CDP hearing.  In that letter the IRS scheduled Mr. Cavazos's hearing and, for a third time, requested that Mr. Cavazos provide financial information and submit his past-due returns:

> For me [the settlement officer] to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below.  In addition, you must have filed all federal tax returns required to be filed.
>
> - A completed and verifiable Collection Information Statement (Form 433-A for individuals and/or Form 433-B for business-D&C Masonry, LLC) * * *
>
> - Proof of estimated tax payments for the period: <u>12/2007</u>  * * *
>
> - Current taxes will continue to be a recurring problem as long as you fail to make required estimate[d] payments.  In the 2006 year you did pay $6,140.00.  There is still however no return yet filed for 2006. * * *
>
> Appeals cannot assist you until you become compliant.  Therefore, prior to the CDP hearing, I will require:
>
> - You to provide proof that you are current with all filing and paying. * * *

The IRS's settlement officer conducted a telephone hearing with Mr. Cavazos's counsel on November 1, 2007.  During the

hearing Mr. Cavazos's counsel acknowledged that Mr. Cavazos was not current with his return filing requirements. Neither before the hearing nor at the hearing did Mr. Cavazos or his counsel provide the settlement officer with the Form 433-A or other documentation requested in the IRS's letters of June 13, June 28, and August 23, 2007.

Furthermore, neither Mr. Cavazos nor his counsel proposed any collection alternatives at the hearing. As noted above, more than two years earlier--on October 28, 2005--Mr. Cavazos had submitted an OIC to the IRS relating to his income tax liability for 2002, but the IRS had rejected that OIC no later than January 23, 2007 (i.e., before the IRS issued its notice of intent to levy and before Mr. Cavazos submitted his request for a CDP hearing). That particular collection alternative proposal had therefore been disposed of before the commencement of Mr. Cavazos's collection proceeding; and at the time of his hearing, Mr. Cavazos therefore had no outstanding requests for any collection alternative for the appeals officer to consider.

On November 5, 2007, the Appeals Office issued to Mr. Cavazos a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the levy action as the least intrusive collection alternative. The notice reflected that the Appeals Office had "obtain[ed] verification * * * that the requirements of any applicable law or

administrative procedure ha[d] been met" (as required by section 6330(c)(1)),[6] and reported that the Appeals Office had determined that the levy was appropriate. The attachment to the Notice of Determination stated, inter alia:

> IRC § 6330 Collection Due Process Hearing
> * * * Your POA [i.e., your representative with a Power of Attorney] * * * requested the CDP hearing to be rescheduled for 11/01/2007. The request was granted[;] however you were to provide the requested documents as set forth in the CDP hearing letter sent to you and your POA dated 08/23/2007. Nothing has been received.
>
> The CDP hearing was held 11/01/2007 with your POA via telephone. He indicates you are not current with filing required tax reports (12/2006 Form 1040) and you also have not provided the necessary documents to make a viable collection alternative. Thus, the proposed levy action is deemed no more intrusive than necessary.
>
> Collection Alternatives
> There were no collection alternatives proposed during the CDP hearing process.
>
> Other Issues Raised
> No relevant issues were raised during the CDP hearing process. * * *

On December 11, 2007, Mr. Cavazos petitioned the Tax Court, seeking review, pursuant to section 6330(d)(1), of the IRS's

---

[6]Mr. Cavazos has not disputed that the "verification" required by section 6330(c)(1) was obtained, nor that the preconditions for a levy, see sec. 6331(a), (d), had been satisfied. An IRS transcript in the hearing record shows that the IRS had assessed Mr. Cavazos's self-reported liability (pursuant to sec. 6201(a)(1), and within the time prescribed by sec. 6501(a)), and that the IRS had made notice and demand (pursuant to sec. 6303) that Mr. Cavazos pay the liability. The Notice of Intent to Levy and Notice of Your Right to a Hearing that the IRS issued to Mr. Cavazos on February 14, 2007, fulfilled the requirements of sections 6330(a) and 6331(d).

determination.  At the time he filed his petition, Mr. Cavazos resided in Oklahoma.  In his petition, Mr. Cavazos assigns as error in the determination the findings "that: (A) levy is appropriate; and (B) that the proposed levy is no more intrusive than necessary."

On August 13, 2008, the IRS filed a motion for summary judgment, contending that the determination did not constitute an abuse of discretion by the IRS.  On October 2, 2008, Mr. Cavazos filed his response.

## Discussion

Where the pertinent facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary (and potentially expensive) trial.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The party moving for summary judgment (here, the IRS) bears the burden of showing that there is no genuine issue as to any material fact, and factual inferences will be drawn in the manner most favorable to the party opposing summary judgment (here, Mr. Cavazos).  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v.

<u>Commissioner</u>, 79 T.C. 340, 344 (1982). The instant case can be resolved on the basis of the undisputed facts.

If a taxpayer fails to pay any Federal income tax liability within 10 days of notice and demand, the Secretary is authorized to collect the tax by levy on the person's property. Sec. 6331(a). However, Congress has added certain provisions to the Code (in chapter 64, subchapter D, part I) as "Due Process for Collections", and those provisions must be complied with before the IRS can proceed with a levy:

Before a levy, the taxpayer must be notified of the right to an administrative hearing before the Appeals Office of the IRS. Sec. 6330(a) and (b)(1). At that hearing, the taxpayer may generally raise relevant issues relating to the unpaid tax or the proposed levy, including offers of collection alternatives, which may include, among other things, an installment agreement or an OIC. Sec. 6330(c)(2)(A). The appeals officer must then make a determination whether the proposed levy action may proceed. The appeals officer is required to take into consideration: (1) "verification from the Secretary that the requirements of any applicable law and administrative procedure have been met" (see sec. 6330(c)(3)(A), citing sec. 6330(c)(1)[7]); (2) relevant issues

---

[7]The legislative history of this provision explains that "the IRS is required to verify that all statutory, regulatory, and administrative requirements <u>for the proposed collection action</u> have been met." H. Conf. Rept. 105-599, at 264 (1998),

(continued...)

raised by the taxpayer (see sec. 6330(c)(3)(B), citing

sec. 6330(c)(2)[8]); and (3) whether the proposed levy

appropriately balances the need for efficient collection of taxes

with a taxpayer's concerns regarding the intrusiveness of the

proposed levy action (see sec. 6330(c)(3)(C)).  If the Appeals

Office then issues a notice of determination upholding the

---

[7](...continued)
1998-3 C.B. 747, 1018 (emphasis added); see Green-Thapedi v. Commissioner, 126 T.C. 1, 6 (2006).  In the case of a levy to collect self-reported income tax liability, the basic requirements (see sec. 6331(a), (d)) for which the appeals officer must obtain verification are: the IRS's timely assessment of the liability (secs. 6201(a)(1), 6501(a)); the giving to the taxpayer of notice and demand for payment of the liability (sec. 6303); and the giving to the taxpayer of notice of intention to levy and of the taxpayer's right to a hearing (secs. 6330(a) and 6331(d)).  See Cox v. Commissioner, 126 T.C. 237, 255 (2006) (holding the verification requirement to be met "where the Appeals officer had secured formal or informal transcripts showing both that the taxes were properly assessed and that the taxpayer had been notified of those assessments through issuance of notices of balance due"), revd. on other grounds, 514 F.3d 1119 (10th Cir. 2008).  As noted supra note 6, those requirements were verified in this instance.

[8]Under section 6330(c)(2), a taxpayer may raise collection issues under subsection (c)(2)(A) and may, under certain circumstances, challenge the underlying tax liability under subsection (c)(2)(B).  Where the underlying tax liability is properly at issue in a section 6330 hearing, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  However, where the underlying liability is not at issue, we review the appeals officer's determinations regarding the collection action for an abuse of discretion.  Goza v. Commissioner, 114 T.C. 176 (2000).  Mr. Cavazos has not challenged his underlying liability.  Accordingly, we review the IRS's determination for abuse of discretion; that is, whether the determinations were arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

proposed levy, the taxpayer may appeal the determination to this Court within 30 days (see sec. 6330(d)(1)), as Mr. Cavazos has done.

In his petition Mr. Cavazos disputes the determination that a levy is an appropriate action to collect his income tax, penalties, and interest owing for 2002; but his position is without merit.  The appeals officer acted reasonably in rejecting collection alternatives and determining instead that the levy was appropriate, for the reasons recounted in the attachment to the determination and addressed here:

First, the appeals officer's determination was reasonable in view of Mr. Cavazos's repeated failure to provide requested financial information, especially the Form 433-A.  It is not an abuse of discretion for an appeals officer to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information.  Prater v. Commissioner, T.C. Memo. 2007-241; Chandler v. Commissioner, T.C. Memo. 2005-99; Roman v. Commissioner, T.C. Memo. 2004-20.  In doing so, the appeals officer followed the requirements of the regulations and Rev. Proc. 2003-71, 2003-2 C.B. 517.  See supra note 4.

Second, the appeals officer's determination was reasonable in view of Mr. Cavazos's failure to raise during the collection hearing any relevant issues or appropriate defenses pertaining to

the proposed collection action, and his failure to offer any collection alternatives for the appeals officer to consider.[9]  It is not an abuse of discretion for an appeals officer to sustain a levy and not consider any collection alternatives when the taxpayer has proposed none.  Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).

Third, the appeals officer's determination was reasonable in view of Mr. Cavazos's failure to file his income tax return for 2006.  Mr. Cavazos had been advised that his 2006 return was overdue, yet he never fulfilled this obligation.  It is not an abuse of discretion for an appeals officer to reject an OIC on the ground that the taxpayer has a history of noncompliance with the tax laws or is noncompliant with current tax obligations.  Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007).  In doing so, the appeals officer followed the requirements of the regulations.  See supra note 5.

In response to the IRS's motion, Mr. Cavazos answers that the appeals officer's determination constitutes an abuse of discretion because, while "[r]espondent has requested that

_____

[9]As stated supra note 3, the record shows that the only OIC Mr. Cavazos submitted (in October 2005) had been rejected before the hearing commenced.  At one point during the hearing, Mr. Cavazos's counsel appears to have suggested that he never received from the IRS a response to that OIC (perhaps suggesting that the October 2005 OIC might still have been pending in 2007), but Mr. Cavazos did not raise this contention in his response to the motion for summary judgment, and we consider that, if he ever did maintain this position, he has abandoned it.

Petitioner be current with all filing and paying requirement * * * Petitioner was not provided with notice of what Respondent required for compliance". In other words, though Appeals did advise Mr. Cavazos that, in order for Appeals to consider any collection alternatives, Mr. Cavazos needed to be "current with all filing and paying requirements", there was nonetheless an abuse of discretion (Mr. Cavazos contends) because the appeals officer did not advise Mr. Cavazos on <u>precisely</u> how to become compliant. Specifically, Mr. Cavazos contends that the IRS's request "is arbitrary when Respondent's requirements are not detailed so as to give Petitioner notice of what is required by Petitioner to become compliant."

We decline to hold--as petitioner's argument would require--that a section 6330 hearing officer is obliged to remind every taxpayer that each year on April 15 an income tax return is due. "As a general rule, taxpayers are charged with knowledge of the law." <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992). At issue here is not an esoteric requirement but the annual filing of Form 1040. A taxpayer need not be an expert in tax law to know that tax returns must be filed and that taxes must be paid when they are due. <u>United States v. Boyle</u>, 469 U.S. 241, 251 (1985). Consequently, it was not the appeals officer's responsibility to remind Mr. Cavazos of the most basic tax obligation.

In fact, however, Mr. Cavazos was given such explicit reminders:  In the letters of both June 13 and August 23, 2007, the IRS expressly warned Mr. Cavazos that before Appeals could consider any collection alternatives, Mr. Cavazos needed to file all required Federal tax returns.  Furthermore, in the letter of August 23, 2007, the IRS advised Mr. Cavazos that the agency's records showed (1) that there was "no return yet filed for 2006," (2) "there is also no ES tax paid for 2007," and (3) that Mr. Cavazos still "owe[s] for other non-CDP tax periods" (i.e., periods other than 2002).  The IRS further advised Mr. Cavazos that before a collection alternative could be considered, he would have to "provide proof that [he was] current with all filing and paying" requirements delineated above.

It cannot be seriously maintained that these instructions were not "detailed so as to give Petitioner notice of what is required by Petitioner to become compliant", as petitioner suggests.  Rather, the IRS's August 23, 2007, letter clearly listed the specifics of Mr. Cavazos's noncompliance.  The IRS's request that Mr. Cavazos provide proof of compliance in these areas before the agency would consider collection alternatives was hardly arbitrary.

We conclude that there is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is

entitled to the entry of a decision sustaining the determination and proposed levy as a matter of law.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.