T.C. Memo. 2009-16

UNITED STATES TAX COURT

WARREN LEE BRANDT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 787-07L.                    Filed January 26, 2009.

Warren Lee Brandt, pro se.

<u>Kristin M. Timmons</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's
motion for summary judgment under Rule 121.  Petitioner does not
dispute any of the material facts relied upon in respondent's
motion for summary judgment.  Unless otherwise indicated, all
section references are to the Internal Revenue Code, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

In this collection case under section 6320 petitioner challenges respondent's notice of Federal tax lien filing relating to $70,434 in outstanding Federal employment taxes petitioner owes in connection with his law practice.

## Background

At the time the petition was filed, petitioner resided in Wisconsin. Petitioner is a lawyer and practices law in the community in which he resides.

During the periods in issue petitioner employed a legal assistant to aid him in carrying out day-to-day activities of his law practice. Petitioner's law practice periodically withheld and remitted to respondent employment taxes withheld from employee wages. Petitioner generally relied on his legal assistant to prepare and timely file Federal employment tax returns and to remit to respondent the employment taxes that were due in connection with wages paid to employees.

For 1998, for the last quarter of 2000, and for 2001, 2002, and 2003, however, petitioner's legal assistant prepared but did not file with respondent the Federal employment tax returns that were due.

For the above periods petitioner's legal assistant also did not remit to respondent any of the employment taxes that were due. Rather, petitioner's legal assistant embezzled from petitioner the employment taxes owed to respondent.

In September 2004 petitioner discovered his legal assistant's failure to file the above Federal employment tax returns and her embezzlement. Petitioner thereafter filed with respondent the Federal employment tax returns, but petitioner did not remit to respondent the employment taxes reported due thereon.

On March 29, 2006, respondent mailed to petitioner a notice of Federal tax lien filing with respect to the total $70,434 in employment taxes, interest, and penalties that were due for the above periods.

On May 5, 2006, petitioner timely filed with respondent a Form 12153, Request for a Collection Due Process Hearing. At that time petitioner had not filed his 2004 or 2005 individual Federal income tax return.

On July 11, 2006, respondent and petitioner participated in a collection due process (CDP) hearing. During the CDP hearing petitioner stated that he was willing to assign to respondent his rights to an $88,500 Wisconsin State court civil judgment that petitioner had obtained against his former legal assistant. Petitioner also stated that he was willing to assign to respondent all rights to restitution that he someday might receive as a result of an anticipated criminal prosecution of his legal assistant for embezzlement. Petitioner acknowledged to respondent's Appeals officer that the resolution of any

criminal prosecution against his legal assistant would take time, and petitioner therefore also offered to enter into an offer-in-compromise with respondent.

The Appeals officer granted petitioner an extension until August 8, 2006, to submit to respondent a financial information statement and a formal offer-in-compromise and to file with respondent his 2004 and 2005 individual Federal income tax returns.

Petitioner, however, did not submit to respondent a financial statement, a formal offer-in-compromise, or his 2004 and 2005 individual Federal income tax returns by the August 8, 2006, deadline, and on December 4, 2006, respondent issued a notice of determination sustaining the notice of Federal tax lien filed against petitioner.

On January 9, 2007, petitioner filed his petition herein.

<u>Discussion</u>

When no material fact remains at issue, we may grant summary judgment as a matter of law. Rule 121(b); <u>Fla. Country Clubs, Inc. v. Commissioner</u>, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).

At no point herein has petitioner contested his liability for the employment tax liabilities for the periods in issue. We review respondent's Appeals Office determination for abuse of

discretion.  See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Although petitioner's argument is not completely clear, petitioner appears to be arguing that respondent's Appeals Office should have treated as an offer-in-compromise petitioner's offer to assign to respondent the $88,500 civil judgment and any judgment for restitution that might be awarded against his former legal assistant.

In light of petitioner's failure to file with respondent his 2004 and 2005 Federal income tax returns and petitioner's failure to submit to respondent a financial statement and a formal offer-in-compromise, respondent clearly did not abuse his discretion in establishing a deadline for petitioner to submit a proper offer-in-compromise and in not treating as an eligible offer-in-compromise petitioner's willingness to assign to respondent civil judgments petitioner had been awarded or that he might be awarded.  See <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005); <u>Cavazos v. Commissioner</u>, T.C. Memo. 2008-257; see also <u>Prater v. Commissioner</u>, T.C. Memo. 2007-241; <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20; <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2003-153; <u>Londono v. Commissioner</u>, T.C. Memo. 2003-99; <u>McCorkle v. Commissioner</u>, T.C. Memo. 2003-34; Internal Revenue Manual, pt. 5.8.3.4.1(1)(A) (Sept. 1, 2005).

For the reasons stated, we shall grant summary judgment in favor of respondent.

We have considered petitioner's other arguments and find them unpersuasive.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.