T.C. Summary Opinion 2009-85

UNITED STATES TAX COURT

ANDREW BANKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4407-06S.                    Filed June 1, 2009.

<u>Michael B. Van Landingham</u>, for petitioner.

<u>Michael T. Sargent</u>, for respondent.

GUSTAFSON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise noted, citations herein of sections refer to the Internal Revenue Code (26 U.S.C.), and citations of Rules refer to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

This case is an appeal by petitioner Andrew Banks under sections 6320(c) and 6330(d), seeking our review of the determination by an appeals officer of the Internal Revenue Service (IRS) sustaining the filing of a notice of Federal tax lien relating to Mr. Banks's unpaid income tax liabilities for tax years 2000, 2001, and 2002. The issue for decision is whether the IRS abused its discretion in sustaining the filing of a notice of Federal tax lien. We hold that it did not.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts filed December 8, 2008, and the attached exhibits are incorporated herein by this reference. At the time that he filed his petition, Mr. Banks resided in South Carolina.

Mr. Banks filed his 2000 Form 1040, U.S. Individual Income Tax Return, almost 11 months late on March 11, 2002. The return reported a balance due of $1,879 and an estimated tax penalty of $96. Mr. Banks did not claim head of household filing status, dependency exemption deductions, or an earned income credit on his 2000 return.

Shortly thereafter, on or before April 15, 2002, Mr. Banks timely filed his 2001 Form 1040, showing an overpayment of

$2,252. On November 15, 2002, the IRS issued to Mr. Banks a statutory notice of deficiency for tax year 2001 wherein the IRS determined a deficiency of $4,877.90 in Mr. Banks's 2001 income tax. This deficiency was based on the IRS's disallowance of (i) Mr. Banks's head of household filing status, (ii) the dependency exemption deduction claimed for a minor child, and (iii) the earned income tax credit. The notice of deficiency was mailed to Mr. Banks's last known address. The last day to petition the Tax Court for a redetermination of this deficiency was February 13, 2003. Mr. Banks failed to do so.

Mr. Banks timely filed his 2002 Form 1040 showing an overpayment of $776. On September 19, 2003, the IRS issued to Mr. Banks a notice of deficiency for tax year 2002 wherein the IRS determined a deficiency of $3,375 in Mr. Banks's 2002 income tax. Just as before, this deficiency was based on the IRS's disallowance of (i) Mr. Banks's head of household filing status, (ii) the dependency exemption deduction claimed for a minor child, and (iii) the earned income tax credit. The notice of deficiency was mailed to Mr. Banks's last known address. The last day to petition the Tax Court for a redetermination of this deficiency was December 18, 2003. Mr. Banks failed to do so.

On February 28, 2005, the IRS received a letter from Mr. Banks's accountant, Mary E. Dwyer, C.P.A., "requesting that the tax years of 2001 and 2002 be opened for reconsideration

* * * [because] Mr. Banks has provided [her] with several documents that will show he was the legal guardian of [his daughter] for the years 2001 and 2002." The record does not reflect that Mr. Banks's 2001 and 2002 years were ever reopened for reconsideration.

On June 23, 2005, the IRS filed with the Register of Deeds of Charleston County, South Carolina, a notice of Federal tax lien relating to Mr. Banks's unpaid income tax liabilities for 2000, 2001, and 2002. On June 28, 2005, the IRS issued to Mr. Banks a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding his unpaid taxes for 2000, 2001, and 2002. On August 3, 2005, Mr. Banks timely requested a collection due process (CDP) hearing by submitting to the IRS a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request for a hearing, Mr. Banks stated:

> My tax return was denied for these years because the IRS refuses to accept the amount of proof that I am a single parent. And, therefore the money I should have receive[d] to help support my daughter, dependent, has placed me in debt.

On October 24, 2005, the IRS's Office of Appeals sent a letter to Mr. Banks acknowledging that the Office of Appeals had received his request for a CDP hearing. Then, by letter dated November 18, 2005, the settlement officer scheduled Mr. Banks's telephone CDP hearing for December 15, 2005. In that November 18 letter the settlement officer explained the CDP process, advised

Mr. Banks of his right to a face-to-face hearing, and instructed Mr. Banks that in order for the Office of Appeals "to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns due." The items listed below were:

- A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)

- Signed tax return(s) for the following periods. Our records indicate they have not been filed:
  Type of Tax:     <u>Income</u>
  Period or Periods:  <u>December 31, 2003 & December 31, 2004</u>

The settlement officer asked for the requested information to be submitted within 14 days and stated: "I cannot consider collection alternatives at your conference without this information."

Mr. Banks failed to contact the settlement officer at the time designated for his CDP hearing. By letter dated December 15, 2005, the settlement officer gave Mr. Banks another opportunity to reschedule his CDP hearing and/or submit information for her consideration. Mr. Banks availed himself of the opportunity to reschedule his CDP hearing, and his telephone CDP hearing was held on January 11, 2006. At the time of the hearing, Mr. Banks had yet to supply the settlement officer with the information requested in her November 18 letter.

During Mr. Banks's CDP hearing, he informed the settlement officer that he wished to withdraw his request for a CDP hearing, and he requested information regarding the reopening of the examination of his 2001 and 2002 Federal income tax returns. By letter dated January 11, 2006, the settlement officer sent to Mr. Banks a Form 12256-c, Withdrawal of Request for Collection Due Process Hearing, requesting that Mr. Banks sign and return the form no later than January 18, 2006. The settlement officer also forwarded to Mr. Banks IRS Publication 3598, which describes the IRS's audit reconsideration process.

Mr. Banks failed to return the Form 12256-c to the settlement officer by that January 18 deadline. Furthermore, Mr. Banks had still failed to provide the settlement officer with his financial information and outstanding tax returns as requested in her November 18 letter. As a result, on February 2, 2006, the Office of Appeals issued to Mr. Banks a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, which sustained the filing of the notice of Federal tax lien. The Office of Appeals upheld the filing because Mr. Banks "failed to provide the requested financial information so a collection alternative could be decided * * * [and] [t]here is no record of Form 1040 for periods ending December 31, 2003 and December 31, 2004."

On March 2, 2006, Mr. Banks timely petitioned this Court to review the notice of determination issued on February 2, 2006. Paragraph 4 of his petition summarizes his position as follows:

> My tax problems relate to dependency issues and proof of residency.  I don't have a long form birth certificate for this dependent, but, I have supplied many documents proving my case including the rulings from the Family Court of Charleston, S.C. giving me custody of this dependent.  I believe a blood test is going to cost me six or seven hundred dollars.

## Discussion

### I.  Applicable Legal Principles

#### A.  Collection Review Procedure

If a taxpayer fails to pay any Federal income tax liability after notice and demand, section 6321 imposes a lien in favor of the United States on all the property of the delinquent taxpayer, and section 6323(f) authorizes the IRS to file notice of that lien.

However, Congress has added to chapter 64 of the Internal Revenue Code provisions (in subchapter C, part I, and in subchapter D, part I) for "Due Process for Liens" and "Due Process for Collections".  The IRS must comply with those provisions after filing a tax lien.  Within 5 business days the IRS must provide written notice of that filing to the taxpayer.  Sec. 6320(a).  After receiving such a notice, the taxpayer may request an administrative hearing before the Office of Appeals.  Sec. 6320(b)(1).

The pertinent procedures for the administrative hearing, known as the CDP hearing, are set forth in section 6330(c). First, the appeals officer must obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). Second, the taxpayer may raise any issue relevant to the unpaid tax or proposed collection action at the hearing, including challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A). Additionally, the taxpayer may contest the existence and amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

The appeals officer must determine whether the lien should be released. The appeals officer is required to take into consideration: (1) "verification from the Secretary that the requirements of any applicable law and administrative procedure have been met" (see sec. 6330(c)(3)(A), citing sec. 6330(c)(1)); (2) relevant issues raised by the taxpayer (see sec. 6330(c)(3)(B), citing sec. 6330(c)(2)); and (3) "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary" (see sec. 6330(c)(3)(C)). If the Office of Appeals then issues a

notice of determination to uphold the lien, the taxpayer may appeal the determination to this Court within 30 days (see secs. 6320(c), 6330(d)(1)), as Mr. Banks has done.  On review, the Court will generally consider only arguments, issues, and other matters that were actually raised by the taxpayer at the CDP hearing.  Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).

B.    Standard of Review

Where the underlying tax liability is properly at issue in a section 6330 hearing, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  However, where the underlying liability is not at issue, we review the determination of the Office of Appeals for an abuse of discretion.  Goza v. Commissioner, 114 T.C. 176 (2000).  Mr. Banks has 3 tax years at issue in this CDP review, i.e., 2000, 2001, and 2002.

Mr. Banks's tax liability for 2000 was a self-reported liability that he has not challenged.  His petition states that his "tax problems relate to dependency issues"--i.e., issues not implicated on his 2000 return.  Therefore, the underlying liability for 2000 is not in dispute.  As for 2001 and 2002, Mr. Banks does challenge his underlying liability for each of those years, in that he disagrees with the IRS's adjustments to his filing status, dependency exemption deductions, and earned

income tax credit.  However, Mr. Banks stipulated that the IRS mailed the notices of deficiency for 2001 and 2002 to his last known address as required by law.  Mr. Banks therefore had a prior opportunity to challenge the validity of those underlying tax liabilities by petitioning the Tax Court from those notices of deficiency.  Mr. Banks failed to do so and accordingly is barred under section 6330(c)(2)(B) from challenging in this proceeding the existence or amount of his underlying tax liabilities for tax years 2001 and 2002.  See Goza v. Commissioner, supra.

Therefore, since Mr. Banks's underlying liabilities for 2000, 2001, and 2002 are not properly at issue, we review the IRS's determination for an abuse of discretion; that is, we decide whether the determinations were arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

II.  The Office of Appeals Did Not Abuse Its Discretion by Upholding the Filing of the Notice of Federal Tax Lien

Mr. Banks was required by Rule 331(b)(4) to make "[c]lear and concise assignments of each and every error which * * * he alleges to have been committed in the notice of determination."  Mr. Banks did not do so.  His petition simply reiterated his disagreement with the IRS's changes to his tax returns.  At best, this is a continued challenge to the underlying liability, which

we have already determined is not properly before us. Furthermore, under Rule 331(b)(4), any issue not raised in the petition's assignments of error "shall be deemed to be conceded". Therefore, because Mr. Banks did not assign any errors to the notice of determination, we could decide this case in respondent's favor on that ground alone. See Swain v. Commissioner, 118 T.C. 358 (2002).

Nonetheless, we address the question whether the Office of Appeals abused its discretion by upholding the Federal tax lien, and we find that, for three reasons, the appeals officer acted reasonably in determining that the Federal tax lien was appropriate.

First, the appeals officer's determination to sustain the proposed collection action was reasonable in view of Mr. Banks's failure to provide the requested financial information, i.e., a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. It is not an abuse of discretion for an appeals officer to sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information. See Cavazos v. Commissioner, T.C. Memo. 2008-257; Prater v. Commissioner, T.C. Memo. 2007-241; Chandler v. Commissioner, T.C. Memo. 2005-99; Roman v. Commissioner, T.C. Memo. 2004-20.

Second, the appeals officer's determination was reasonable in view of Mr. Banks's failure to file his income tax returns for 2003 and 2004. Mr. Banks had been advised that his 2003 and 2004 returns were overdue, yet he never fulfilled his filing obligations. It is not an abuse of discretion for an appeals officer to sustain a proposed collection action when the taxpayer is not in compliance with current tax obligations. See Giamelli v. Commissioner, supra at 111-112.

Third, the appeals officer's determination was reasonable in view of Mr. Banks's failure to raise during the CDP hearing any relevant issues or appropriate defenses pertaining to the proposed collection action and his failure to offer any collection alternatives for the appeals officer to consider. It is not an abuse of discretion for an appeals officer to sustain a proposed collection action and not consider any collection alternatives when the taxpayer has proposed none. See Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).

To reflect the foregoing,

Decision will be entered for respondent.