T.C. Summary Opinion 2010-104

UNITED STATES TAX COURT

LYLE D. GULDAGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28389-09S.                    Filed July 28, 2010.

Lyle D. Guldager, pro se.

<u>Susan K. Bollman</u>, for respondent.


KROUPA, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

---

[1]All section references are to the Internal Revenue Code
(Code), and all Rule references are to the Tax Court Rules of
Practice and Procedure, unless otherwise indicated.

and this opinion shall not be treated as precedent for any other case.

This collection review case involves a proposed Federal tax levy to collect petitioner's unpaid liability he admits he owes for the taxable year 2007. The sole issue for decision is whether respondent's determination to proceed with the proposed collection activity was an abuse of discretion. We hold it was not.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulations of fact and their accompanying exhibits are incorporated by this reference. Petitioner resided in Iowa at the time he filed the petition.

Petitioner sold 40 acres of farmland for $310,000 in 2007 in which he had a $103,782 basis. Petitioner reported a $25,289 tax due from the sale for 2007 yet paid only $500 with the return. Respondent assessed petitioner's reported income tax liability for 2007 along with interest and an addition to tax for failure to pay estimated tax. Respondent notified petitioner of the assessment and demanded full payment. Petitioner made an additional $500 payment but failed to pay the remaining assessed amount.

Respondent issued petitioner a Final Notice of Intent to Levy (levy notice) to collect the outstanding tax liability for 2007. Petitioner timely requested a collection due process hearing (CDP hearing) so respondent's Appeals Office could consider an offer in compromise (OIC).

Petitioner's CDP hearing was assigned to Settlement Officer Debra Alcorte (SO Alcorte). SO Alcorte requested that petitioner submit his complete financial information on Form 433-A, Collection Information Statement. SO Alcorte also asked petitioner to submit a Form 656, Offer in Compromise, so that SO Alcorte could consider petitioner's OIC. Petitioner submitted his financial information but never submitted an OIC or Form 656. The financial information on Form 433-A indicated petitioner had equity in his home of approximately $82,000.

SO Alcorte and petitioner had a telephone conference after petitioner failed to appear for a scheduled face-to-face CDP hearing. Petitioner told SO Alcorte that he was old and lacked the funds to pay the balance. He requested that the equity in his home not be considered because he wanted to bequeath his home to his heirs. Petitioner asked that an OIC be considered, yet he failed to submit any offer or Form 656 to SO Alcorte. SO Alcorte explained to petitioner that no OIC would be considered because petitioner had enough equity in his assets to pay the outstanding tax liability for 2007. Moreover, petitioner never submitted an

OIC or Form 656 for SO Alcorte to consider.  With no actual OIC from petitioner, SO Alcorte closed the case and sustained the levy in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination notice).  Petitioner timely filed a petition with this Court requesting review of the determination notice.  Petitioner admits he owes the tax yet argues that SO Alcorte abused her discretion in implying that petitioner had to sell his home to realize the equity in it.

## Discussion

We now decide whether we should uphold the determination notice in this collection review case.  We begin with the standard of review.  Where the validity of the underlying tax liability is not at issue, as here, the Court will review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Petitioner does not contest the underlying liability. In fact, he admits he owes the tax.  We therefore must decide whether respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner disputes SO Alcorte's determination that a levy is an appropriate action to collect his unpaid tax liability for 2007.  Specifically, petitioner contends that SO Alcorte abused

her discretion by suggesting that petitioner could sell his home to pay his tax liabilities.  Petitioner contends that this method of collecting taxes is "captious and arbitrary."

The record reflects that petitioner did not submit an OIC or provide other means to secure payment of the outstanding balance during the CDP hearing.  Petitioner merely requested that SO Alcorte be empathetic to his plight.  We have frequently and consistently held there is no abuse of discretion in sustaining a levy when the taxpayer fails to propose any collection alternatives.  Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Cavazos v. Commissioner, T.C. Memo. 2008-257.  Petitioner failed to submit an OIC or a Form 656 or to propose any acceptable collection alternative to the issuance of the levy notice.  SO Alcorte was left with no choice but to sustain the levy notice. We similarly have no recourse.[2]  Petitioner has not presented any evidence or persuasive arguments to convince us that SO Alcorte abused her discretion.  We therefore conclude that SO Alcorte did not abuse her discretion in upholding the proposed levy action to collect the outstanding tax liability from petitioner for 2007.

---

[2]Petitioner offers the Court a proposal in his reply brief to accept $7,000 of his approximate $32,900 tax liability.  It is not the province of the Court to accept any offer.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered
for respondent.