T.C. Memo. 2015-17

UNITED STATES TAX COURT

TIMOTHY FREDERICK WITMYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4138-14L.                    Filed January 22, 2015.

Timothy Frederick Witmyer, pro se.

<u>Elizabeth C. Mourges</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  Respondent contends that no genuine

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code in effect at all relevant times.

**[*2]** dispute exists as to any material fact and that the determination to collect petitioner's income tax liabilities by levy should be upheld. Petitioner has not responded to the motion despite an order from this Court instructing him to do so.[2]

Background

At the time the petition was filed, petitioner resided in Maryland.

Petitioner did not file his 2007 and 2008 Federal income tax returns. Respondent prepared substitutes for returns (SFRs) for the taxable years 2007 and 2008 (years at issue) in accordance with his authority to do so under section 6020(b). Respondent mailed to petitioner a notice of deficiency for the years at issue. Petitioner did not file a petition challenging the notice of deficiency. Respondent assessed the tax reported on the returns as well as additions to tax under sections 6651(a)(1) and (2) and 6654.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated June 4, 2013, advising petitioner that respondent intended to levy to collect unpaid tax liabilities for the years at issue and that he could request a hearing with the Internal Revenue Service (IRS) Office of Appeals.

---

[2]On December 4, 2014, the Court ordered petitioner to file a response on or before December 29, 2014. No response was filed by petitioner.

**[\*3]**   Petitioner submitted timely a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he did not contest his underlying tax liabilities but instead requested an installment agreement.

By letter dated August 29, 2013, an IRS settlement officer acknowledged receipt of petitioner's Form 12153 and scheduled a collection due process (CDP) hearing via telephone for October 3, 2013.  In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, so that she could make a decision regarding petitioner's request for an installment agreement.  The letter also stated that petitioner had not filed Federal income tax returns for the years 2009, 2010, 2011, and 2012 and that he must provide to the settlement officer copies of signed filed returns for these years.

By letter dated October 22, 2013, the settlement officer rescheduled the CDP hearing with petitioner for November 14, 2013.[3]  On November 14, 2013, petitioner's spouse called the settlement officer for the scheduled telephone

---

[3]The CDP hearing was rescheduled on account of the Federal Government shutdown.

[*4] conference call.[4] During the conference call the settlement officer informed petitioner's spouse that she could not consider an installment agreement unless petitioner submitted the Form 433-A and copies of his filed tax returns for 2009-12. The settlement officer never received from petitioner the Form 433-A or the requested returns for 2009-12.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated January 24, 2014, denying petitioner's requested collection alternative and sustaining the proposed collection action. Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute

---

[4]Petitioner consented to the settlement officer speaking with his spouse about the case.

**[\*5]** as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Despite our order that petitioner file a response to respondent's motion for summary judgment, he failed to respond to the motion and has failed to demonstrate that there is a genuine dispute for trial.[5] Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then

---

[5]By failing to respond to the assertions in the motion, petitioner has waived his right to contest them. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at \*6.

**[\*6]** the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obligated to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person. If a taxpayer requests a CDP hearing, he may raise at that hearing any relevant issue relating to the unpaid tax or proposed levy. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding his underlying tax liabilities. See Rule 142(a). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Respondent issued a notice of deficiency on the basis of the SFRs prepared by respondent. In his petition, petitioner raised questions about his underlying tax liabilities but did not file returns for the years at issue. Neither petitioner nor his spouse raised the underlying liabilities during the CDP hearing. Consequently, petitioner's 2007 and 2008 tax liabilities are not properly before the Court.

**[*7]** The Court reviews administrative determinations by the IRS' Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The settlement officer properly based her determination on the factors required by section 6330(c)(3).

Petitioner requested an installment agreement as an alternative means of collection. During the CDP hearing the settlement officer informed petitioner's spouse that petitioner must submit a Form 433-A and tax returns for 2009-12 in order for an installment agreement to be considered. Respondent contends that the settlement officer did not abuse her discretion in denying petitioner's request for an installment agreement because petitioner did not submit the requested documentation.

**[*8]** Petitioner failed to submit the requested Form 433-A and copies of his filed 2009-12 tax returns.  It was not an abuse of discretion for the settlement officer to deny an installment agreement and to sustain the proposed collection action on the basis of petitioner's failure to submit the requested financial information.  Cavazos v. Commissioner, T.C. Memo. 2008-257, 2008 Tax Ct. Memo LEXIS 256 (holding that it is not an abuse of discretion for a settlement officer to reject a collection alternative and sustain a proposed collection action on the basis of the taxpayer's failure to submit requested financial information or historical noncompliance with tax laws).

We hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent.