T.C. Memo. 2019-9

UNITED STATES TAX COURT

DANIEL JAMES HUMISTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25787-16L.                    Filed February 7, 2019.

<u>Justin J. Andreozzi</u> and <u>Randall P. Andreozzi</u>, for petitioner.

<u>R. Jeffrey Knight</u>, <u>Michael E. D'Anello</u>, and <u>Laurence K. Williams</u>, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>: Mr. Humiston filed this collection case under sections

6320(c) and 6330(d) to challenge the Commissioner's notice of determination

sustaining a notice of Federal tax lien and a proposed levy to collect trust fund

**[*2]** recovery penalties.[1]  The penalties are the result of Mr. Humiston's failure, as president of Tanning Bed, Inc., to pay tanning excise taxes for the first, second, and third quarters of 2014.  Mr. Humiston argues that the settlement officer abused his discretion in sustaining the levy because he failed to verify the Commissioner's compliance with section 6751(b).  The Commissioner argues that the trust fund recovery penalty is not subject to section 6751(b), but in any event Form 4183, Recommendation re:  Trust Fund Recovery Penalty Assessment, satisfies the supervisory approval requirement of section 6751(b).

The settlement officer did not abuse his discretion in finding that the Commissioner had satisfied the requirements of applicable law and administrative procedure under section 6330(c)(1).  The Commissioner's Form 4183 establishes supervisory approval under section 6751(b).  Because we find no abuse of discretion, we do not need to address whether the trust fund recovery penalty requires section 6751(b) approval.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code at all relevant times.  All monetary amounts are rounded to the nearest dollar.

[*3] FINDINGS OF FACT

Mr. Humiston is the majority shareholder and president of Tanning Bed, Inc., a Delaware corporation. During the periods ending March 31, June 30, and September 30, 2014, Tanning Bed, Inc., failed to remit tanning excise taxes exceeding $220,000.

In June 2015 a revenue agent made the initial determination to assert the section 6672 trust fund recovery penalty against Mr. Humiston as a person required to collect excise tax. The revenue agent generated a Form 4183 asserting trust fund recovery penalties and had the penalties approved and the form signed by his immediate supervisor. The following month the Commissioner sent Mr. Humiston Letter 1153 and Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, and eventually assessed penalties in January 2016 after not receiving a response. Because Mr. Humiston failed to pay the liability, the Commissioner sent Mr. Humiston a notice of Federal tax lien and a notice of intent to levy to collect the unpaid penalties; Mr. Humiston timely requested a hearing.

In his hearing request Mr. Humiston indicated that he could not pay the balance of his liability and requested discharge of the lien. He attached to his request a statement indicating that Tanning Bed, Inc., was going through chapter 11 bankruptcy and was in the process of negotiating a liquidation plan. The

**[*4]** statement also informed the settlement officer that if a liquidation plan was confirmed Tanning Bed, Inc., might have funds to pay the tanning excise tax liability.

Mr. Humiston's appeal was assigned to a settlement officer who requested that Mr. Humiston complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. A hearing was held, and Mr. Humiston informed the settlement officer that Tanning Bed, Inc., was selling assets to pay creditors and that the Commissioner might receive funds to cover the excise tax liability. The settlement officer requested that Mr. Humiston provide certain bankruptcy liquidation documents and a list of the Tanning Bed, Inc. assets.

Several weeks later Mr. Humiston provided the settlement officer with the bankruptcy petition and a list of its largest creditors. He did not provide any documents regarding the bankruptcy liquidation, a list of assets, or a Form 433-A.

The settlement officer followed up with Mr. Humiston and requested the same information. He requested either Form 433-A or documents indicating that Tanning Bed, Inc., was currently paying down the excise tax liability. A few weeks later Mr. Humiston provided more bankruptcy documents. The documents included an order confirming the Tanning Bed, Inc. plan of reorganization and a

[*5] notice of reorganization. The order indicated that Tanning Bed, Inc., was liquidating its assets with an effective date of January 2, 2017. Mr. Humiston did not provide documents indicating that the liquidation was currently paying down the excise tax liability. Nor did he provide the settlement officer with a list of assets or a Form 433-A.

The settlement officer issued a notice of determination sustaining the notice of Federal tax lien and the proposed levy on November 17, 2016. In his report he stated that the Tanning Bed, Inc. plan of liquidation was not in effect until the following year and that no payments were being made toward the outstanding excise tax liability. The report also indicated that Mr. Humiston failed to provide a Form 433-A, an alternative to providing proof of liability payments, and that Mr. Humiston did not challenge the underlying liability.

Mr. Humiston timely filed a petition while residing in New York. In his petition he states that he was not instructed to return Form 433-A to the settlement officer.

The Commissioner filed a motion for summary judgment in March 2018, and Mr. Humiston filed an objection. We denied the Commissioner's motion because it was unclear whether the settlement officer had properly verified the requirements of section 6751(b).

**[\*6]** At trial the Court heard testimony from the revenue agent who made the initial determination to assert the trust fund recovery penalties, and we admitted into evidence Form 4183.

OPINION

The facts in this case are similar to those in Blackburn v. Commissioner, 150 T.C. __ (Apr. 5, 2018). In Blackburn and in this case the Commissioner asserted a trust fund recovery penalty. The penalty was asserted by a revenue agent and approved by his immediate supervisor using Form 4183. Each taxpayer received a prior opportunity to dispute his trust fund recovery penalty and petitioned our Court after receiving a notice of determination. The question before the Court is the same as in Blackburn: whether the settlement officer abused his discretion in failing to verify that the Commissioner satisfied the requirements of supervisory approval under section 6751(b). Here, as in Blackburn, the Commissioner argues that section 6751(b) does not apply to trust fund recovery penalties; but because supervisory approval has been established, we need not address whether section 6751(b) applies to the trust fund recovery penalties.[2]

---

[2]See Blackburn v. Commissioner, 150 T.C. __, __ (slip op. at 3) (Apr. 5, 2018).

**[\*7]** I.        Standard of Review

When a taxpayer fails to challenge his underlying liability, we review the settlement officer's determination for abuse of discretion.[3] A settlement officer's determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law.[4]

II.    Analysis

In determining whether the settlement officer abused his discretion we must consider whether he:  (1) properly verified that the requirements of applicable law and administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) considered whether the proposed collection action is no more intrusive than necessary.[5]

Mr. Humiston argues that the settlement officer failed to verify during his hearing the requirements of section 6751(b) supervisory approval.  But in Blackburn v. Commissioner, 150 T.C. at __ (slip op. at 10), we held that the

---

[3]Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000); see Blackburn v. Commissioner, 150 T.C. at __ (slip op. at 9) ("We review the verification requirement for abuse of discretion.").

[4]See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

[5]See sec. 6330(c)(3).

[*8] existence of Form 4183 in the record was sufficient to establish the settlement officer's verification of section 6751(b) compliance and that "[w]e have consistently upheld a settlement officer's verification of assessments when the administrative record reflects compliance with administrative procedures." Here the Commissioner introduced testimony of the revenue agent who asserted the penalties and the Form 4183 that he used to obtain supervisory approval. Because Form 4183 is in the record, we find the settlement officer's verification was not an abuse of discretion.[6]

Mr. Humiston also argues that he provided the settlement officer with the correct bankruptcy paperwork and at no point did the settlement officer require Form 433-A. The record shows otherwise. The settlement officer requested that Mr. Humiston provide evidence that the Tanning Bed, Inc. liquidation was applying payments against the excise tax liability and provide a list of the Tanning Bed, Inc. assets. In the alternative the settlement officer requested a Form 433-A showing Mr. Humiston's personal financial information. While Mr. Humiston did provide paperwork relating to the bankruptcy and liquidation, the

---

[6]See, e.g., Blackburn v. Commissioner, 150 T.C. at ___ (slip op. at 10); Kane v. Commissioner, T.C. Memo. 2018-122, at *10-*11; Rosendale v. Commissioner, T.C. Memo. 2018-99, at *14; Gallagher v. Commissioner, T.C. Memo. 2018-77, at *13.

[*9] documents were not the documents requested by the settlement officer and they did not show that Tanning Bed, Inc., was making payments towards the excise tax liability. Additionally Mr. Humiston did not provide the settlement officer with Form 433-A. A settlement officer does not abuse his discretion in sustaining the proposed collection action when the taxpayer fails to submit requested financial information.[7] Because Mr. Humiston did not provide the requested information, and because the settlement officer met the requirements of section 6330(c)(3), there was not an abuse of discretion in sustaining the notice of Federal tax lien and the proposed levy.[8]

To reflect the foregoing,

Decision will be entered for

respondent.

---

[7]LaForge v. Commissioner, T.C. Memo. 2013-183, at *9-*10; Cavazos v. Commissioner, T.C. Memo. 2008-257, 96 T.C.M. (CCH) 341, 343 (2008).

[8]See LaForge v. Commissioner, T.C. Memo. 2013-183; Cavazos v. Commissioner, T.C. Memo. 2008-257.