T.C. Memo. 2012-230

UNITED STATES TAX COURT

CALVIN LLOYD WALTERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15053-11.                    Filed August 9, 2012.

Calvin Lloyd Walters, pro se.

Adam P. Sweet, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  Respondent determined a deficiency of $2,594 in petitioner's Federal income tax for taxable year 2009.  The issue for our consideration is whether petitioner is entitled under section 151 to dependency exemption deductions for his two children.

**[\*2]**   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

The parties have stipulated some facts, which are incorporated herein.  At the time the petition was filed, petitioner resided in Virginia.

Petitioner has two sons, D.W. and S.W.[1]  Petitioner is divorced from the mother of his sons.  On March 24, 2008, the Commonwealth of Virginia granted sole custody of D.W. and S.W. to their mother.  The children moved from Virginia to Florida.  Petitioner was granted visitation rights of two two-week periods in the summer and one week at Christmas in the absence of an agreement.  Under the custody order, visits were to take place in Florida.

On his 2009 Form 1040, U.S. Individual Income Tax Return, dated March 10, 2010, petitioner claimed dependency exemption deductions for D.W. and S.W.  Petitioner's ex-spouse did not sign an Internal Revenue Service Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, for the taxable year 2009.  Petitioner did not affix any other

---

[1]The Court redacts the names of minor children.  <u>See</u> Rule 27(a)(3).

[**\*3**] written declaration to his 2009 Federal income tax return that conformed to the substance of Form 8332.

In the notice of deficiency, respondent disallowed petitioner's claimed dependency exemption deductions for D.W. and S.W. Petitioner timely petitioned this Court for redetermination.

OPINION

The Commissioner's determination is presumed correct, and generally the taxpayer bears the burden to prove his entitlement to the exemptions and credits he claimed. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift.

Section 151 provides that an individual is entitled to a deduction for his or her dependents. Section 151(c) provides an exemption for each dependent of the taxpayer as defined in section 152. Section 152(a) defines the term "dependent" to mean either a "qualifying child," see sec. 152(a)(1), or a "qualifying relative," see sec. 152(a)(2). In addition, section 152(e) provides a "Special Rule for Divorced Parents, Etc." This special rule for divorced parents applies to petitioner.

Where the parents of dependent children are divorced or legally separated, section 152(e)(1) allows the dependency exemption to the parent having custody

**[*4]** of the children for the greater portion of the calendar year (custodial parent). Custody exists only where the parent has "the right under state law to physical custody of the child". Sec. 1.152-4(c), Income Tax Regs. Petitioner's wife was the custodial parent of both children in 2009 pursuant to an order for custody/visitation issued by the Commonwealth of Virginia.

As an exception to the general rule, a noncustodial parent may claim the exemption where the custodial parent executes a valid written declaration releasing his or her claim to the exemption and the noncustodial parent attaches that declaration to his or her Federal income tax return for the taxable year. Sec. 152(e)(2); sec. 1.152-4(e), Income Tax Regs.

The declaration required by section 152(e)(2) must be made on either Form 8332 or on a statement conforming to the substance of that form. See Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), aff'd sub nom. Lovejoy v. Commissioner, 293 F. 3d 1208 (10th Cir. 2002). Petitioner did not attach to his 2009 tax return a Form 8332, the form prescribed for the custodial spouse to release his or her claim to the exemption pursuant to section 152(e)(2)(A). Petitioner also did not attach to his 2009 tax return a written declaration which could serve as a substitute for Form 8332.

**[*5]** Petitioner contended that he should be entitled to claim his sons as dependents because his ex-wife does not pay income tax. Petitioner also contended that he is entitled to claim the deductions because he pays child support.

Congress created several objective tests in section 152. These tests draw bright lines, and without these tests there would need to be rules that are sensitive to a wide variety of family circumstances. Such rules would be difficult to craft and hard for the Commissioner and the Courts to administer and would likely require Government intrusion into delicate family issues.

The Court is required to apply the law as passed by Congress, and the rules of section 152(c), (d), and (e) are explicit. Section 152 prevents a parent in petitioner's circumstances from claiming a dependency exemption deduction, irrespective of the amount of financial support he provided his children. See Jeter v. Commissioner, T.C. Memo. 2001-223, aff'd per curiam, 26 Fed. Appx. 321 (4th Cir. 2002).

Consequently, we find that petitioner is not entitled to dependency exemption deductions for his two children for 2009.

**[*6]**   To reflect the foregoing,

Decision will be entered for

respondent.