T.C. Memo. 2013-175

UNITED STATES TAX COURT

MICHAEL R. GENTILE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7932-12L.                     Filed July 29, 2013.

Michael R. Gentile, pro se.

Halvor R. Melom and Michael J. Gabor, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  The parties submitted this case fully stipulated under Rule

122.[1]  The sole issue for decision is whether respondent abused his discretion in

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] sustaining the proposed levy. Because we conclude that he did not, decision will be entered for respondent.

Background

At the time he filed his petition, Mr. Gentile resided in Florida.

Mr. Gentile did not file a Federal income tax return for the years 2001, 2002, or 2003. Respondent prepared substitutes for returns for those years using information returns. Respondent mailed notices of deficiency to Mr. Gentile on August 4, 2006 (for taxable year 2001), August 25, 2006 (2002), and August 14, 2007 (2003). Mr. Gentile did not file a petition disputing any of the notices of deficiency. Respondent assessed the amounts set forth in the notices of deficiency for 2001, 2002, and 2003 on December 11, 2006, January 8, 2007, and January 7, 2008, respectively.

Respondent mailed a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated March 24, 2010, for 2001, 2002, and 2003 to Mr. Gentile. As of the date of the levy notice, the balances due for the three years combined totaled $311,041.47. Mr. Gentile submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, but he did not include a telephone number at which he could be reached.

**[*3]** The IRS Appeals Office mailed a letter to Mr. Gentile dated December 13, 2010, scheduling a telephone hearing on January 12, 2011. That letter further requested that Mr. Gentile submit his unfiled Federal income tax returns for 2004 through 2009 by January 5, 2011, as a predicate to the IRS' considering collection alternatives. Mr. Gentile mailed the Appeals Office a letter dated January 3, 2011, declining to participate in a telephone hearing and requesting that the Appeals officer suggest dates for a face-to-face hearing. The IRS then transferred the case from the Memphis, Tennessee, Appeals Office to the Miami, Florida, Appeals Office. The Miami Appeals Office mailed a letter to Mr. Gentile dated May 3, 2011, scheduling a hearing by telephone in June and requesting that he provide his unfiled Federal income tax returns for 2000 and 2004 through 2010 within 15 days in order for the newly assigned settlement officer to consider collection alternatives. Mr. Gentile mailed the Appeals Office another letter, again declining to participate in a telephone hearing and requesting that the settlement officer suggest dates on which Mr. Gentile could have a face-to-face hearing. The settlement officer mailed Mr. Gentile a letter dated August 3, 2011, stating:

> As of August 3, 2011 you have not filed the original returns for the tax years you are challenging. Because it appears that your only concern is the underlying liability and you are not proposing a collection alternative, Appeals will grant your request for a face to face hearing to address the underlying liability. I have set aside four dates and times for a face to face

[*4] conference.  Please let me know which date and time is convenient for you within 14 days of the date of this letter.

Mr. Gentile did not respond within 14 days.

On August 22, 2011, the settlement officer recommended the proposed levy action be sustained because Mr. Gentile had not responded to the August 3, 2011, letter.  The Appeals Team Manager approved the settlement officer's recommendation to sustain the levy.  Afterwards, the settlement officer received a letter from Mr. Gentile stating that he would be "unable to make any of the allotted times".  Mr. Gentile's letter was dated August 24, 2011, a week after the response date to the settlement officer's letter of August 3, 2011.  On September 1, 2011, respondent issued the notice of determination sustaining the proposed levy.

Mr. Gentile timely filed a petition disputing the notice of determination.  He asserts that (1) he was denied a face-to-face hearing, (2) he was denied the opportunity to challenge the underlying liability, and (3) respondent prematurely issued the notice of determination because the Appeals officer had recommended the levy be sustained before the proposed hearing dates had passed.

**[*5]**                                    <u>Discussion</u>

The burden of proof is generally on the taxpayer.[2]  The submission of a case

under Rule 122 does not alter the taxpayer's burden of proof.[3]

Section 6330 provides that the IRS may not levy on any property or right to

property of a person unless the Secretary first notifies the person in writing of the

right to a hearing before the Appeals Office.  The Appeals officer must verify at

the hearing that the requirements of any applicable law or administrative

procedure have been met.[4]  At the hearing the taxpayer may raise any relevant

issues relating to the unpaid tax or the proposed levy, including appropriate

spousal defenses, challenges to the appropriateness of collection actions, and

collection alternatives.[5]

Where the underlying tax liability is properly at issue, we review the

Commissioner's determination de novo; where the validity of the underlying tax

liability is not properly at issue, we review the Commissioner's administrative

---

[2]<u>See</u> Rule 142(a)(1).

[3]Rule 122(b); <u>see</u> <u>Borchers v. Commissioner</u>, 95 T.C. 82, 91 (1990), <u>aff'd</u>, 943 F.2d 22 (8th Cir. 1991).

[4]Sec. 6330(c)(1).

[5]Sec. 6330(c)(2)(A).

**[\*6]** determination for abuse of discretion.[6]  If raised at a hearing by the taxpayer, a taxpayer's underlying liability is properly at issue if the taxpayer did not receive a notice of deficiency for the liability or did not otherwise have an opportunity to dispute that liability.[7]

Generally, a taxpayer must raise an issue at a collection due process hearing to preserve it for this Court's consideration.[8]  The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present the Appeals Office with any evidence regarding that liability after being given reasonable opportunity to do so.[9]

Mr. Gentile was given the opportunity to participate in a hearing by telephone and to provide any documents that he wanted the Appeals officer to consider.  In fact, he was given this opportunity twice, and on both occasions he declined because he wanted a face-to-face hearing.  The settlement officer then

---

[6]Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

[7]See sec. 6330(c)(2)(B).

[8]Perkins v. Commissioner, 129 T.C. 58, 63 (2007) (de novo review); Magana v. Commissioner, 118 T.C. 488, 493 (2002) (abuse of discretion review); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[9]See Delgado v. Commissioner, T.C. Memo. 2011-240; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[*7] offered Mr. Gentile a face-to-face hearing during which he could dispute his underlying liability. Mr. Gentile failed to select any of the four offered dates (over a three-week span), and in fact, he let weeks pass before he responded to the settlement officer's offer of those dates. He also failed to provide any information, documents, or other evidence to dispute respondent's calculation of his liability. Although Mr. Gentile sent some letters to the IRS, none of them included so much as a summary of what he believed to be his true underlying liability. Thus, Mr. Gentile did not properly raise his underlying liability, and we review the notice of determination for abuse of discretion.

A taxpayer may prove an abuse of discretion by showing that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.[10] Collection due process hearings are informal proceedings that may be conducted in person, by telephone, or by correspondence.[11] No statutory or regulatory provision requires that taxpayers be afforded unlimited opportunities to supplement the administrative record.[12] Section 6330 requires

---

[10]See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

[11]See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see also Katz v. Commissioner, 115 T.C. 329, 337-338 (2000).

[12]Roman v. Commissioner, T.C. Memo. 2004-20.

**[\*8]** only that a taxpayer be given a reasonable chance to be heard before the issuance of a notice of determination.[13]  Once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of that opportunity, the IRS may proceed in making a determination by reviewing the case file.[14]  Mr. Gentile twice declined a hearing by telephone, and he failed to select any of the four additional dates the settlement officer offered for a face-to-face hearing.  He was given a reasonable chance to be heard, and he failed to avail himself of any of those opportunities; thus, it was not an abuse of discretion for the settlement officer to make a determination on the basis of the administrative file at that time.

A taxpayer may raise collection alternatives, including an installment agreement or an offer-in-compromise.[15]  Although Mr. Gentile indicated that he was interested in an installment agreement, he did not in fact propose an

---

[13]Roman v. Commissioner, T.C. Memo. 2004-20.

[14]See Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 Fed. Appx. 934 (9th Cir. 2005); sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

[15]Sec. 6330(c)(2)(A)(iii).

[*9] installment agreement.  There can be no abuse of discretion for failure to consider an installment agreement that was never proposed.[16]

An offer-in-compromise is authorized under section 7122(a).  To propose an offer-in-compromise, a taxpayer must submit a Form 656, Offer in Compromise, or otherwise describe his income, assets, and other financial information required by Form 656.[17]  Although Mr. Gentile indicated his interest in an offer-in-compromise with his request for a hearing, he never submitted a Form 656 or otherwise provided the information.  There is no abuse of discretion when Appeals fails to consider an offer-in-compromise when a Form 656 was not submitted to Appeals.[18]

The determination of the Appeals Office must take into consideration:  (1) whether the requirements of any applicable law or administrative procedure have been met; (2) the issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the

---

[16]See Veneziano v. Commissioner, T.C. Memo. 2011-160 (citing Kendricks v. Commissioner, 124 T.C. 69, 79 (2005)).

[17]See Godwin v. Commissioner, T.C. Memo. 2003-289, aff'd, 132 Fed. Appx. 785 (11th Cir. 2005).

[18]See Pough v. Commissioner, 135 T.C. 344, 352 (2010); Kendricks v. Commissioner, 124 T.C. at 79.

**[\*10]** legitimate concern of the person that any collection be no more intrusive than necessary.[19]  The settlement officer properly based the determination on the factors required by section 6330(c)(3).

## Conclusion

Mr. Gentile was given the opportunity for a face-to-face hearing during which he would be allowed to raise the underlying liability.  Mr. Gentile was given a reasonable deadline by which to choose one of the four dates to hold a face-to-face hearing and to provide any documents that he wanted the settlement officer to consider.  He failed to timely choose any of those four dates, and he did not provide any of the requested documents.  Under these circumstances, respondent was justified in reviewing the file and issuing a notice of determination.  Respondent did not abuse his discretion in sustaining the proposed levy because Mr. Gentile provided no evidence that the liability was incorrect and he proposed no collection alternatives.  To the extent Mr. Gentile requests a remand, we do not believe either that it is necessary or that it would be productive to remand this case to the Appeals Office, and thus we decline to do so.[20]

---

[19]Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

[20]See Lunsford v. Commissioner, 117 T.C. at 189.

[*11]      To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.