T.C. Memo. 2020-61

UNITED STATES TAX COURT

JOCELYN B. NESBITT AND KEVIN NESBITT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8296-19L.                    Filed May 18, 2020.

Jocelyn B. Nesbitt and Kevin Nesbitt, pro sese.

<u>Stephen C. Welker</u> and <u>Bartholomew Cirenza</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioners seek
review pursuant to section 6330(d)(1)[1] of the determination by the Internal Reve-

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

[*2] nue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioners resided in Maryland when they petitioned this Court.

Petitioners filed a delinquent Federal income tax return for 2014, reporting tax due of $14,294 and total withholding credits of $8,399. They failed to pay, through estimated tax payments or otherwise, the balance due. The IRS assessed the tax and additions to tax for failure to timely file, failure to timely pay, and failure to make estimated tax payments. See secs. 6654, 6651(a)(1) and (2). As of July 2018 petitioners' outstanding liability for 2014 (including interest) was $9,792.

On July 4, 2018, in an effort to collect this unpaid liability, the IRS sent each petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing. They timely requested a CDP hearing, submitting substantially similar Forms

[*3] 12153, Request for a Collection Due Process or Equivalent Hearing. On these forms, which both signed, they checked the boxes for "Installment Agreement" and "I Cannot Pay Balance." They stated that "[we] have other expenses and would request halting IRS action until we are in a better financial position to pay." They also requested "an alternative method to collect taxes." They did not indicate an intention to challenge their reported liability.[2]

The case was assigned to a settlement officer (SO) in the IRS Appeals Office in Fresno, California. She sent petitioners a letter scheduling a telephone CDP hearing for January 15, 2019. In the letter the SO explained the issues that she would consider during the hearing, including the possible availability of collection alternatives. The SO advised petitioners that, in order for her to consider a collection alternative, they needed to provide (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (2) copies of signed income tax returns for 2015 and 2016, which IRS records indicated they had not filed.

Because of a lapse in Government funding, the SO was unable to conduct the hearing as scheduled. On January 30, 2019, the SO attempted to call peti-

_____

[2]The Form 12153 that appears to have been prepared by petitioner husband also requested "lien withdrawal." However, petitioners' account transcript for 2014 does not show the IRS as having filed a notice of Federal tax lien.

[*4] tioners to reschedule the hearing but could not reach them. She left a message with the request that they call her back. When petitioners did not respond during the ensuing week, the SO sent them a letter rescheduling the hearing for March 5, 2019. She noted that she had not yet received any of the documents requested in her first letter, explaining that these documents were essential if petitioners wished to pursue a collection alternative. She added: "If you attempted to fax the information during the [Government] shutdown, our fax machines were disabled during this time. Our fax machines are now in working order."

On February 26, 2019, the SO received from petitioners a Form 433-F, Collection Information Statement.[3] This form was incomplete because it omitted petitioner husband's income and supporting financial documentation. On March 5, 2019, the SO called petitioners for the rescheduled hearing but was unable to reach them. She again left a message with a request that they call her back.

The following day the SO sent petitioners a "last chance" letter, noting that they had missed the conference and inviting them to send her, within 14 days, any information that they wished her to consider. She noted their submission of the

---

[3]Form 433-F calls for information similar to that required by Form 433-A. However, Form 433-F cannot be used to support an offer-in-compromise. See Internal Revenue Manual pt. 5.15.1.2 (Aug. 29, 2018).

[*5] Form 433-F but explained that she needed supporting financial information, including proof of their income and three months of bank statements.

Petitioners did not respond to the "last chance" letter or otherwise communicate with the SO. She accordingly decided to close the case, noting that they had not yet filed a tax return for 2015 or 2016. The SO verified that petitioners' tax liability for 2014 had been properly assessed and that all other legal and administrative requirements had been met.

On April 19, 2019, the IRS issued petitioners a notice of determination sustaining the proposed levy. Petitioners filed a timely petition, asserting that they had provided the SO with all the necessary documents and requesting another opportunity to have their documents reviewed. On February 11, 2020, respondent moved for summary judgment. Petitioners opposed that motion, asserting that a telephone problem had prevented them from receiving all of the SO's messages. They acknowledged receipt of the SO's "last chance" letter but stated their belief that their only recourse at that juncture was to petition this Court.

## Discussion

A.  Summary Judgment Standard and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90

**[\*6]** T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  Where the moving party makes and properly supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial.  Rule 121(d).  We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where (as here) the underlying tax liability is not at issue,[4] the Court reviews the IRS decision for abuse of discretion.  <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).  Abuse of discretion exists when a determination is arbitrary, capricious, or without

---

[4]Petitioners did not dispute their underlying tax liability for 2014 in their petition or during the CDP hearing although they were entitled to do so.  <u>See</u> sec. 6330(c)(2)(B); <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 8-9 (2004).  A taxpayer must properly present an underlying liability challenge at the CDP hearing in order to preserve that challenge for judicial review.  <u>See</u> <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 113 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[\*7]** sound basis in fact or law.  See <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

B.     <u>Abuse of Discretion</u>

In deciding whether the SO abused her discretion in sustaining the proposed levy, we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary."  <u>See</u> sec. 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

The SO verified that petitioners' 2014 tax liability had been properly assessed and that all other legal and administrative requirements had been satisfied. Petitioners were entitled to request a collection alternative, such as an offer-in-compromise or an installment agreement.  But petitioners made no concrete proposal for a collection alternative, and the SO was not required to make one for them.  <u>See</u> <u>Gentile v. Commissioner</u>, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, <u>aff'd</u>, 592 F. App'x 824 (11th Cir. 2014); <u>Veneziano v. Commissioner</u>,

[*8] T.C. Memo. 2011-160, 102 T.C.M. (CCH) 22, 24; Cavazos v. Commissioner, T.C. Memo. 2008-257, 96 T.C.M. (CCH) 341, 344.

Although petitioners submitted a partially completed Form 433-F, they failed to supply the necessary supporting financial information as the SO requested. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where the taxpayer has failed to supply the necessary documents after being given sufficient opportunities to do so. See, e.g., Solny v. Commissioner, T.C. Memo. 2018-71, at *10; Gentile, 106 T.C.M. at 77. In any event petitioners failed to establish compliance with their ongoing tax obligations by filing returns for 2015 and 2016. The SO could properly have rejected any proposed collection alternative on that ground alone. See Chadwick v. Commissioner, 154 T.C. __, __ (slip op. at 19) (Jan. 21, 2020) (citing Cox v. Commissioner, 126 T.C. 237, 258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008), and Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441).

Assuming arguendo that telephone problems impeded petitioners' communications with the SO, as they assert, the SO's case activity record indicates that she left voice messages for them on two occasions with no apparent difficulty. In any event petitioners acknowledge receipt of the SO's "last chance" letter,

[*9] which clearly stated that the IRS would make a final determination unless they submitted information within 14 days. The SO waited a month after that deadline passed and did not abuse her discretion in issuing the notice of determination when she did.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the collection action. We note that petitioners are free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.