T.C. Memo. 2021-81

UNITED STATES TAX COURT

MONIQUE D. LONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18068-19L.                    Filed June 30, 2021.

Monique D. Long, pro se.

<u>Zachary B. Friedman</u> and <u>Rachael J. Zepeda</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of

**[\*2]** Federal tax lien (NFTL).[1] Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and motion papers, the attached declarations and exhibits, and the amended first stipulation of facts, which includes the complete administrative record. See Rule 121(b).[2] Petitioner resided in Arizona when she filed her petition.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2]In Robinette v. Commissioner, 123 T.C. 85, 95 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006), we held that "when reviewing for abuse of discretion under section 6330(d), we are not limited by the Administrative Procedure Act * * * and our review is not limited to the administrative record." The Court of Appeals for the Ninth Circuit has concluded that the record rule applies to CDP cases. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases. Under sec. 7482(b)(1)(G), appeal in this case would evidently lie to the Court of Appeals for the Ninth Circuit, and we therefore follow that court's opinion. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). The stipulation recites the parties' agreement that "all exhibits referred to herein and attached hereto may be accepted as authentic." To the extent that any stipulated facts and exhibits lie outside the administrative record, we conclude that the parties have waived any objection on that ground.

**[*3]**   The IRS examined petitioner's 2015 and 2016 Federal income tax returns and disallowed dependency exemptions and related credits.  On October 17, 2017, the IRS issued petitioner a notice of deficiency for 2015, determining a deficiency of $1,910.  The IRS sent that notice via certified mail to petitioner's last known address, the same address petitioner has used in correspondence with the IRS and her address of record with this Court.  Tracking data from the United States Postal Service (USPS) suggest that the letter was not successfully delivered and was returned to the IRS.

On April 9, 2018, the IRS issued petitioner a notice of deficiency for 2016, determining a deficiency of $6,878 and an accuracy-related penalty of $1,375.  That notice was sent by certified mail to the same address but was returned to the IRS with notations on the envelope stating "UNCLAIMED," "UNABLE TO FOR-WARD," and "RETURN TO SENDER."  Petitioner did not petition this Court in response to either notice, and she has not paid either liability.

On December 11, 2018, after assessing the deficiencies, the IRS filed an NFTL and sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing.  She timely requested a CDP hearing.  In her request she stated that she was unaware of any outstanding tax liabilities because she "did not receive any

**[*4]** taxes and * * * [her] dependents are in * * * [her] custody." She checked the box marked "I Cannot Pay Balance."[3]

The case was assigned to a settlement officer (SO) in the IRS Appeals Office in Holtsville, New York. The SO reviewed the administrative file and confirmed that petitioner's 2015 and 2016 liabilities had been properly assessed and that all other legal requirements had been met. On July 12, 2019, the SO sent petitioner a letter scheduling a telephone conference for August 13, 2019, explaining that this would be petitioner's main opportunity to explain why she disagreed with the collection action and to discuss collection alternatives. Because petitioner had indicated an inability to pay, the SO enclosed a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, asking that petitioner complete this form if she desired consideration of a collection alternative. Petitioner received the letter but did not submit Form 433-A before the conference call or subsequently.

During the call petitioner again stated that she did not understand the reason for her underlying liabilities. The SO told her that the liabilities were attributable to notices of deficiency for 2015 and 2016 and summarized the notices' contents.

---

[3]Petitioner also selected the box to request innocent spouse relief, see sec. 6015, but later explained that she checked this box by mistake.

**[*5]** The SO explained that the notices were mailed to petitioner at her last known address but were "never claimed" and were returned to the IRS unopened.

In response petitioner stated that she uses her grandmother's address in correspondence with the IRS but does not always receive her mail when it is sent there. When the SO asked petitioner "how she wanted to resolve the balance," petitioner stated that she intended to pay the liabilities in full and asked for an extension of time to pay. The SO said she would grant a 90-day extension and noted that petitioner could ask for an additional 30 days if needed. Petitioner did not request (and the parties did not discuss) any other collection alternative. The SO told petitioner that the NFTL filing would be sustained but that the lien would be removed once the balance was paid in full.

Because petitioner had stated her intention to pay the liabilities, the SO asked her to complete Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination. Execution of this form closes out a CDP case and waives the taxpayer's right to judicial review. Petitioner signed the form on August 20, 2019, and the IRS received it on August 26. But because the signed form did not make its way to the SO by the deadline she had set, she proceeded to close the case. On September 11, 2019, the

**[\*6]** IRS issued a notice of determination sustaining the NFTL filing and granting petitioner a 90-day extension of time to pay.

Petitioner timely petitioned this Court for review. In her petition she disputed her underlying tax liability for 2015, stating that she was entitled to claim her son as a dependent because he had "always been in * * * [her] custody." She did not dispute her underlying tax liability for 2016, mention her agreement to pay the liabilities within the 90-day extension period, or allege that she was entitled to any other collection alternative.

On January 14, 2021, respondent filed a motion for summary judgment. The Court directed petitioner to respond to that motion by February 26, 2021, warning that failure to respond could result in a decision against her. See Rule 121(d). She filed no response, and she did not appear when her case was called from the calendar at the Court's March 15, 2021, Phoenix, Arizona, trial session.

## Discussion

### A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter

**[\*7]** of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Because petitioner did not respond to the motion for summary judgment, we could enter a decision against her for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits. Finding no material facts in genuine dispute, we conclude that this case is appropriate for summary adjudication.

B.      <u>Standard of Review</u>

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity or amount of the taxpayer's underlying liability is properly at issue, we review the Commissioner's determination of that issue de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS' decision for abuse of discretion only. <u>Id.</u> at 182. Abuse of discretion exists when a determination is

**[*8]** arbitrary, capricious, or without sound basis in fact or law. See Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases; Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.     Underlying Liabilities

Petitioner disputes her underlying tax liability for 2015. A taxpayer's underlying liability is properly at issue if she did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). Generally, a notice of deficiency is valid if it was properly mailed to the taxpayer at her last known address. Sec. 6212(b)(1); Hoyle v. Commissioner, 131 T.C. 197, 200, 203-204 (2008), supplemented by 136 T.C. 463 (2011). A taxpayer's last known address is generally the address appearing on her "most recently filed and properly processed Federal tax return." Sec. 301.6212-2(a), Proced. & Admin. Regs.

Petitioner does not dispute that the notice of deficiency for 2015 was properly mailed to her "last known address." Sec. 6212(b)(1). This address appears to be her grandmother's, and petitioner has used it on all relevant correspondence, including her CDP hearing request, the envelope containing the Form 12257, and her petition to this Court. Petitioner has successfully received mail at this address

[*9] in the past, including the IRS letter informing her of the CDP hearing and the notice of determination sustaining the NFTL filing.

However, petitioner explained to the SO that she does not always get mail sent to her grandmother's address, and USPS records suggest that she did not personally receive either the 2015 or the 2016 notice of deficiency. Respondent argues that petitioner deliberately refused to accept delivery and should therefore be deemed to have received both notices. See Sego, 114 T.C. at 606, 610-611 (concluding that taxpayers repudiated their opportunity to dispute the tax liability by deliberately refusing delivery of notices of deficiency).

For purposes of ruling on respondent's motion, we will assume arguendo that petitioner did not receive the notices of deficiency and did not deliberately refuse them. But there is another barrier to her challenging her underlying liability in this Court: A taxpayer is precluded from doing so if she did not properly raise her underlying liability on the merits during the CDP hearing. Thompson v. Commissioner, 140 T.C. 173, 178 (2013); Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). "An issue is not properly raised if the taxpayers fails * * * to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity." Secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3,

[*10] Proced. & Admin. Regs.; see Giamelli, 129 T.C. at 112-116; Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), aff'd, 21 F. App'x 160 (4th Cir. 2001).

In her CDP hearing request petitioner stated that she did not know why she had outstanding tax liabilities, and she repeated that question at the start of the conference call. But after the SO explained the background and summarized the notices of deficiency, petitioner withdrew any challenge to her underlying liabilities. Indeed, she stated that she intended to pay those liabilities in full and asked for an extension of time to do so. At no time did petitioner submit any evidence to the SO regarding her entitlement to a dependency exemption (or any other issue relevant to her 2015 tax liability). See Sullivan v. Commissioner, T.C. Memo. 2019-153, 118 T.C.M. (CCH) 415, 417; Campbell v. Commissioner, T.C. Memo. 2019-127, 118 T.C.M. (CCH) 290, 292. Because petitioner's underlying liability is not properly before us as to either year in issue, we will review the IRS' decision for abuse of discretion.

D.    Abuse of Discretion

In deciding whether the SO abused her discretion in sustaining the NFTL filing, we consider whether she: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any rele-

[*11] vant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

Although petitioner in her CDP hearing request checked the box "I Cannot Pay Balance," she later informed the SO that she intended to pay her liabilities in full. She ultimately requested only an extension of time to pay, and the SO granted that request. Petitioner never returned a completed Form 433-A as the SO had requested. Because petitioner did not supply any financial information, the SO was unable to evaluate her ability to pay or make any determination as to her eligibility for a collection alternative. See Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.[4]

---

[4]The fact that petitioner's signed Form 12257 was delayed in reaching the SO does not suggest any abuse of discretion. If the SO had received and finalized that form, petitioner would be deemed to have waived her right to petition this Court. Thus, any error was to petitioner's benefit. See Richlin v. Commissioner, T.C. Memo 2020-60, 119 T.C.M. (CCH) 1405, 1409 ("Form 12257 is typically used only when a CDP hearing reaches a result satisfactory to the taxpayer.").

[*12] Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the collection action.  We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the necessary financial information.

    To reflect the foregoing,

                        <u>An appropriate order and decision</u>

                        <u>will be entered for respondent</u>.