T.C. Memo. 2021-131

UNITED STATES TAX COURT

TANDRA ANNE ROBERTS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12593-20L.                    Filed November 23, 2021.

Tandra Anne Roberts, pro se.

<u>Laura J. Mullin</u> and <u>Michael K. Park</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a Notice of Fed-

[*2] eral Tax Lien (NFTL).[1]  Respondent has moved for summary judgment under Rule 121, contending that the settlement officer (SO) did not abuse his discretion in determining that petitioner was ineligible for a collection alternative.  We agree and accordingly will grant respondent's motion.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declaration and exhibits.  See Rule 121(b).  Petitioner resided in California when she timely filed her petition.

Petitioner has unpaid tax liabilities for 2004-2007.  In an effort to collect these liabilities the IRS filed an NFTL and, on May 9, 2019, mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing.  Petitioner timely requested a CDP hearing, indicating that she was interested in an installment agreement.  She stated that the NFTL would have "severe negative impacts" upon her family.  She raised no other issues in her hearing request.

On August 9, 2019, the IRS sent petitioner a letter acknowledging receipt of her request.  The letter explained that the IRS could not consider her request for an

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*3] installment agreement unless she became current in her Federal tax filing obligations and supplied a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, along with supporting financial information. The letter requested these documents by August 26, 2019, but petitioner did not submit any information.

On February 3, 2020, the case was assigned to an SO in the IRS Appeals Office in Atlanta, Georgia. The SO reviewed the administrative file and confirmed that petitioner's 2004-2007 liabilities had been properly assessed and that all other legal and administrative requirements had been met. The SO noted that petitioner appeared to have filed no tax returns for years 2008 through 2018.

On February 4, 2020, the SO sent petitioner a letter scheduling a telephone conference for March 10, 2020, noting that this would be petitioner's main opportunity to explain why she disagreed with the collection action and to discuss collection alternatives. The letter informed petitioner that, in order for the SO to consider an installment agreement, petitioner needed to (1) submit a completed Form 433-A with supporting documentation, (2) provide signed tax returns for 2008 through 2018, and (3) provide proof that she had made required year-to-date estimated tax payments. The letter indicated that petitioner needed to propose a specific installment agreement, with a specified monthly payment, together with infor-

[*4] mation that explained why the amount proposed was appropriate. The SO asked petitioner to submit signed tax returns within three weeks and all other requested documents within two weeks. Petitioner did not submit anything by those deadlines or subsequently.

On March 10, 2020, petitioner joined the conference call as scheduled. The SO reiterated that no installment agreement could be considered unless petitioner supplied a completed Form 433-A with supporting documentation. He emphasized that petitioner was currently not in compliance with her tax obligations and would be eligible for collection relief only if she filed a tax return (at least) for 2013.[2] The SO gave her two additional weeks to submit the requested documents. He followed up with a letter reminding her of the necessary documents and confirming the new deadline.

Petitioner submitted none of the requested documents to the SO. On April 3, 2020--10 days after the two-week extension ended--the SO made the determination

---

[2]By the time of the conference call the SO had determined that petitioner may have been in compliance in other years, for example, by filing joint returns for tax years 2014-2017 and by having an open extension for her 2018 return. However, petitioner was at the very least not in compliance with her 2013 filing requirement.

[*5] to uphold the collection action.  On September 22, 2020, the IRS issued petitioner a notice of determination sustaining the NFTL filing.

Petitioner timely petitioned this Court for review.  In her petition she asserted that she had "proposed an alternative method of paying" her tax liabilities and that "a levy [sic] would constitute a financial hardship."[3]  She stated that she was no longer working because she had to supervise her son, who was not going to school because of the pandemic.  She maintained that she had incurred additional expenses in caring for her elderly mother.  She did not dispute her underlying tax liabilities for 2004-2007.

On July 16, 2021, respondent filed a motion for summary judgment.  We directed petitioner to respond by August 19, 2021, warning that failure to respond could result in a decision against her.  See Rule 121(d).  She filed no response.

---

[3]The notice of determination upholds an NFTL filing, not a levy.  An NFTL filing does not transfer custody of any property to the Federal Government; rather, it establishes the priority of the Government's property rights versus those of the taxpayer and competing creditors.  See sec. 6321; Romano-Murphy v. Commissioner, 152 T.C. 278, 294-295 (2019), supplementing T.C. Memo. 2012-230.  A levy, in contrast, is a legal seizure of a taxpayer's property to satisfy that person's tax liability.  See sec. 6331(b).

**[*6]**                                    <u>Discussion</u>

A.      <u>Summary Judgment Standard</u>

Our decision in this case is appealable to the U.S. Court of Appeals for the Ninth Circuit.  <u>See</u> sec. 7482(b)(1).  That court has held that, where de novo review is not applicable, the scope of review in CDP cases is confined to the administrative record.  <u>See</u> <u>Keller v. Commissioner</u>, 568 F.3d 710, 718 (9th Cir. 2009), <u>aff'g in part</u> T.C. Memo. 2006-166, <u>and aff'g in part, vacating in part</u> decisions in related cases.  Petitioner has supplied no reason to believe that the administrative record in this case is incomplete.  Accordingly, in a case such as this, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  <u>Belair v. Commissioner</u>, 157 T.C. __, __ (slip op. at 11) (Aug. 2, 2021) (quoting <u>Van Bemmelen v. Commissioner</u>, 155 T.C. 64, 79 (2020)).

Because petitioner did not respond to the motion for summary judgment, we could enter a decision against her for that reason alone.  <u>See</u> Rule 121(d).  We will nevertheless consider the motion on its merits.  Having examined the record before us, we find the case appropriate for summary adjudication.

**[\*7]** B. Standard of Review

Although neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case, the general parameters of such review are marked out by our precedents. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not in dispute, we review the IRS decision for abuse of discretion only. Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003); Goza, 114 T.C. at 182. Because petitioner did not challenge her underlying liabilities at any time, including at the CDP hearing, our review here is for abuse of discretion. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C. Abuse of Discretion

In deciding whether the SO abused his discretion in sustaining the NFTL filing, we consider whether he: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection ac-

[*8] tion balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of his responsibilities under section 6330(c).

The SO did not abuse his discretion in determining that petitioner was ineligible for a collection alternative. Petitioner did not propose a concrete installment agreement--that is, an agreement calling for specific monthly payments--and she did not submit a completed Form 433-A. She took no steps to come into compliance with her Federal tax filing obligations, neglecting to submit, at the very least, her past-due 2013 return.

Any one of these omissions would be sufficient for us to sustain the SO's determination. Although petitioner said she was interested in an installment agreement, she did not in fact propose an installment agreement. It is not an abuse of discretion to decline to consider something that was never proposed. See Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014). Petitioner failed to submit any financial information, and the SO was therefore unable to consider whether she qualified for a collection alternative. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012). And we have consistently held that an SO does not abuse his discretion when he

[*9] declines to consider a collection alternative for a taxpayer, like petitioner, who is not in compliance with her current tax obligations, including making required estimated tax payments for the current year. See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Boulware v. Commissioner, T.C. Memo. 2014-80, 107 T.C.M. (CCH) 1419, 1424, aff'd, 816 F.3d 133 (D.C. Cir. 2016).

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the collection action. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an installment agreement or an offer-in-compromise, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.